**Richard LOVELACE, Applicant and as Next Friend of Ramon Pedro Hernandez, Petitioner-Appellant,**

v.

**James A. LYNAUGH, Acting Director, Texas State Department of Corrections, Respondent-Appellee.**

No. 87–1065.

United States Court of Appeals, Fifth Circuit.

Feb. 3, 1987.

Richard Lovelace, American Civ. Liberties Union, El Paso, Tex., for petitioner-appellant.

Paula C. Offenhauser, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

PER CURIAM:

Movant, Richard M. Lovelace, on January 29, 1987, sought a stay of execution on behalf of Ramon Pedro Hernandez. Lovelace has been Hernandez' court-appointed attorney who had served in the trial resulting in the capital sentence. After the trial Hernandez had requested to be permitted to proceed pro se, and when the sentencing took place in November 1986, Lovelace was allowed to withdraw as counsel.

The execution date for Hernandez was set for after midnight January 30, 1987. For several days before that date, Lovelace and members of Hernandez' family met with him and tried to get him to request a stay of execution and file a habeas corpus petition. He refused to do so. Finally, on January 29, movant Lovelace, without the approval of Hernandez, petitioned for habeas corpus and a stay of execution in the state district court. The ground for the petition was the basic claim that Hernandez had never understood that he had the right to act pro se. The state district court interviewed Hernandez by telephone resulting in findings of fact which reveal that through a series of questions and answers the court had made it completely clear to Hernandez that he had the right to ask for a stay on a pro se basis, that he could do so immediately and orally, and that he was not in any way bound by having had Mr. Lovelace and others as attorneys in times past. In this interview Mr. Hernandez declined several times to file any motions in his own behalf although the record is clear that the state district judge encouraged him to do so.

The state district court then denied habeas corpus, first on the ground that Lovelace did not have standing as "next friend" to petition on behalf of Hernandez, and second on the ground that Hernandez himself had clear understanding of his rights and had refused to take any steps to postpone his execution. The Texas Court of Criminal Appeals denied an appeal.

Having exhausted state remedies, movant Lovelace then moved for a stay of execution· in the United States District Court at approximately 5:15 p.m. on January 29, 1987. The district judge was in another city trying cases and thus it took until after 11:00 p.m. to reach him. Sometime after 11:30 p.m., the district judge denied the stay. An oral motion for a stay of execution was then made by movant to this Court.

In the meantime this Court had been furnished with movant's motion and with the state's reply as well as transcripts of the sentencing hearing and thus was thoroughly conversant with the issues involved. We had also been furnished a copy of the findings of fact and conclusions of the law of the state district judge as described above.

We heard oral argument in a conference call, which revealed no information countering the findings of the state district court. This Court then denied the oral motion for a stay at 11:55 p.m. on January 29. The Court now understands that the punishment of death was carried out at approximately 1:00 a.m. on January 30, 1987.

▪ The oral motion for a stay of execution was denied because the record is clear that as a matter of choice the prisoner under sentence of death chose not to undertake to file any motion for stay of execution or petition for habeas corpus either on a pro se basis or through the representation of movant Lovelace or any other attorney. The record reveals that Hernandez was a person of substantial intelligence, with a degree of at least junior college level, and was well versed in the criminal law and procedures as a result of his own studies over a period of years. He had originally requested to the jury assessing punishment that he be given the death penalty rather than a life sentence as a matter of preference. This record is totally bereft of any indication that Hernandez wished in any way to raise any further questions concerning his conviction and punishment in spite of a number of attempts by family and others to get him to do so.

▪ This Court, therefore, had before it no motion for stay, no petition for habeas corpus, nor any other legal request by or with the authorization of Hernandez. Further, it must be concluded that Lovelace had no standing as a "next friend" to raise the issues over the opposition of the prisoner. "Next friend" petitions are permitted only if it is clearly demonstrated that the individual is unable to seek relief on his own behalf or is mentally incompetent to do so. *Gilmore v. Utah,* 429 U.S. 1012, 1014, 97 S.Ct. 436, 437, 50 L.Ed.2d 632

(1976). There is nothing in the record which casts any doubt upon the mental competence of Hernandez. There was, therefore, no justification for a petition or motion as next friend. *Rumbaugh v. Procunier*, 753 F.2d 395, 398 (5th Cir.1985).

ORAL MOTION FOR STAY OF EXECUTION DENIED.